IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LINDA MUNDT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-00926-BL |
| | § | |
| NANCY A. BERRYHILL[1], | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## MEMORANDUM ORDER AND OPINION

Pursuant to 42 U.S.C. § 405(g), Linda Mundt seeks judicial review of the decision of the Commissioner of Social Security, who denied her application for Supplemental Security Income under Title XVI of the Social Security Act. The United States District Judge reassigned the case to this court pursuant to 28 U.S.C. § 636(c). The parties have unanimously consented to proceed before a United States Magistrate Judge. After considering the pleadings, briefs, and administrative record, the undersigned affirms the Commissioner's decision and dismisses Mundt's complaint.

### I. STATEMENT OF THE CASE

Mundt filed her application for SSI on June 25, 2012. That application was denied initially on February 6, 2013 and after reconsideration on June 10, 2013. Mundt requested a hearing, which was held before an Administrative Law Judge on June 26, 2014. The ALJ issued a decision on September 15, 2014 finding Mundt not disabled.

Specifically, the ALJ found during step one that Mundt had not engaged in substantial gainful activity since July 25, 2012. (Doc. 14-3, 14). At step two, the ALJ determined Mundt had

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), the Court automatically substitutes her as the named defendant.

the severe impairments of post-concussion syndrome, cervical muscle spasms, carpal tunnel syndrome, cervical strain, lumbar sprain, bilateral knee sprain, a reconstructed right ACL, chronic pain syndrome, degenerative joint disease of the bilateral knees, vestibular concussion, chronic headache, degenerative disc disease of the cervical and lumbar spine, posttraumatic stress disorder, a cognitive disorder with generalized loss of capacity and severe memory problems, depression, anxiety, borderline intellectual function, and panic attacks with claustrophobic symptoms. *Id.* In the third step, the ALJ found those severe impairments did not meet and were not equivalent to any listed impairments. *Id.* at 15. The step three analysis continued, with the ALJ finding Mundt retained the residual functional capacity to perform light work with limitations to lift and carry 10 pounds frequently and 20 pounds occasionally, stand or walk with normal breaks for six hours of an eight-hour workday, occasionally perform pushing and pulling activities with the bilateral upper and lower extremities, occasionally climb ramps or stairs, never climb ladders or scaffolding, occasionally balance, stoop, kneel, or crawl, avoid dangerous machinery and unprotected heights, avoid commercial driving, and carry out simple instructions with "no more than occasional interaction with the public or co-workers." *Id.* at 17. At step four, the ALJ determined she could not return to past relevant work, and at step five accepted vocational expert testimony that there were sufficient jobs Mundt could perform and found her not disabled. *Id.* at 27.

Mundt applied to the Appeals Council, which denied review on October 21, 2015. Therefore, the ALJ's decision is the Commissioner's final decision and properly before the court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review.").

## II. FACTUAL BACKGROUND

According to her pleadings, testimony, and the administrative record, Mundt was 51 years old and living with her fourteen year-old daughter at the time of the administrative hearing. She has experience working the front desk for a boat repair company. She believes her physical and mental impairments render her disabled under the Act.

## III. STANDARD OF REVIEW

A person is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a

> five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015) (quoting *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452.

The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Mundt alleges that the ALJ failed to incorporate all her limitations into the RFC. (Doc. 20, 8). She specifically points to impairments the ALJ labeled severe and claims that, if they were indeed severe, the ALJ did not properly account for the limitations they must impose in the RFC. (Doc. 20, 9-13). Mundt asserts her "right carpal tunnel syndrome, status post right ACL reconstruction[,] and degenerative joint disease of the bilateral knees were more than slight abnormalities under the *Stone* standard and that those impairments significantly limited her ability to perform work related activities using the standard laid out in the Social Security Regulations." (Doc. 20, 11 citing *Stone v. Heckler*, 752 F.2d 1099, 1102 (5th Cir. 1985)). This is correct – the

ALJ called these impairments severe, meaning they would be expected to interfere with her ability to work. *Stone*, at 1102.

Mundt contends the ALJ erred in crafting the RFC by not sufficiently diverging from the RFC opinion of state agency examining physician Dr. Reid despite finding more severe impairments. (Doc. 20, 11). This argument seems to be based on a reading of some authority to hold that an ALJ is forbidden from interpreting medical records and drawing conclusions from medical evidence. (Doc. 20, 12 citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)).[2] While *Frank* does contain a passage quoting the 7th Circuit and warning against ALJs "playing doctor[,]" it also goes on to say such an argument was without merit when "the overwhelming factor in the decision was medical evidence from a variety of sources[.]" *Frank*, 326 F.3d at 622. An ALJ commits reversible legal error when they draw medical conclusions on their own without reliance on appropriate medical evidence, but not when there is conflicting medical evidence. *See Perez*, 415 F.3d at 461 ("Conflicts of evidence are for the Commissioner ... to resolve."). Mundt's argument that the ALJ committed reversible error in assigning significant weight to the opinion of a consulting physician but assessing more severe impairments and a more restrictive RFC is without merit.

Mundt specifically alleges the ALJ erred in declining to incorporate limitations in handling and standing and walking into the RFC. (Doc. 20, 11). However, Mundt bore the burden of showing she was disabled at the administrative stage, and bears the burden here of showing the ALJ's determination she failed to do so is unsupported by substantial evidence. The ALJ specifically cited record evidence she believed indicated a lack of limitations from carpal tunnel syndrome. (Doc. 14-3, 25) (Mundt "has carpal tunnel syndrome, but there was never even a

---

[2] Mundt indicates that *Frank* cites to itself internally in support of this proposition, where it actually quotes *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990).

discussion about carpal tunnel release, and she was clinically asymptomatic on examination. A more recent EMG and nerve conduction study showed no cervical or lumbar radiculopathy, or carpal tunnel syndrome."). Mundt has not shown the decision to omit a limitation as to handling from the RFC is unsupported by substantial evidence.

Mundt also claims that as "the ALJ's ... RFC ... did not restrict ... standing and walking" to a greater degree than the opinion of Dr. Reid, the ALJ erred because the RFC was too similar to the one assessed by Dr. Reid. (Doc. 20, 12). Here, the argument is marginally more tenable – if the ALJ found severe impairments of carpal tunnel syndrome, ACL reconstruction, and degenerative joint disease where Dr. Reid did not, the ALJ's RFC should be more restrictive because of limitations resulting from those impairments. However, the ALJ's RFC does reflect more limitations than the RFC assessed by Dr. Reid, as would be expected. Mundt's burden is to show either that the ALJ's RFC determination is unsupported by substantial evidence or the result of incorrect legal standards. Here, the ALJ set out the RFC and then detailed for roughly 10 pages the "careful consideration of the entire record" on which she based that RFC. (Doc. 14-3, 17-27). Therefore, Mundt's claim that the ALJ committed such reversible legal error by finding more severe impairments than a state agency consultant and then finding more limitations in her RFC does not meet this burden.

Mundt finally argues the ALJ committed reversible error by failing to incorporate her need for a walker into the RFC. (Doc. 20, 15). She argues that additional medical records "which had not been reviewed by the [state agency medical consultants]" should have led the ALJ to incorporate a limitation relating to her walker into the RFC. (Doc. 20, 15-16). She points to evidence she believes indicates Dr. McGilvray, a treating physician, prescribed a walker, and that the ALJ wrongly rejected this opinion when crafting the RFC. (Doc. 20, 16). In discussing the

necessity of a walker, the ALJ stated Trego "claimed that she would fall without a walker, but the treatment note also indicated that she was 'not using' a walker. Her physician noted that this was a 'difficult case' as [her] symptoms continued to [be] 'vague and nonfocal.'" (Doc. 14-3, 24).

Mundt's burden is to show that there is no more than a scintilla of evidence supporting the ALJ's exclusion of a walker from the RFC, not that there may be some evidence that could lead another to assess that limitation. Accepting *arguendo* that Dr. McGilvray did intend to prescribe a walker to Mundt and assert as his opinion that she was unable to ambulate without one, the ALJ is not bound by that decision if it is contrary to the balance of the record evidence. In assessing limitations and supplying medical opinions, the opinion of an acceptable medical source is given great weight. *Newton*, 209 F.3d at 453. "Acceptable medical source refers to one of the sources described in [20 C.F.R.] § 404.1513(a) who provides evidence about [the claimant's] impairments. It includes treating sources, nontreating sources, and nonexamining sources." 20 C.F.R. § 404.1502. A "treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Newton*, 209 F.3d at 455 (internal quotation omitted). Here, the ALJ concluded

> the objective findings on physical and mental status examination[s] continued to be normal, including no edema and no low back tenderness, normal range of musculoskeletal and neck motion, normal mood and affect, normal behavior, and [Mundt] was alert and oriented in all spheres. This record does not provide objective support [for] the claimant's allegations that she requires use of a walker.

(Doc. 14-3, 24). In short, the ALJ concluded that the evidence regarding the necessity of a walker was inconsistent at best, and the ALJ crafted the RFC accordingly. As "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve," this court does not upend that conclusion. *Newton*, 209 F.3d at 452.

## V. CONCLUSION

Mundt has failed to show that the ALJ's RFC determination is the result of incorrect legal standards or unsupported by substantial evidence. Considering the foregoing, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**.

**SO ORDERED.**

Dated May 2, 2017.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　E. SCOTT FROST
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**